UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

KEVIN LEWIS,

        Plaintiffs,

   v.

NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES, THE DIVISION OF CHILD PROTECTION AND PERMANENCY, CARMEN DIAZ-PETTI, as Director of DCP&P/Assistant Commissioner of the New Jersey Department of Children and Families ("DCF"), CHRISTINE NORBUT BEYER, as the Commissioner of DCF, JENNIFER MALLOY, in her individual capacity, ROSEMARY RTIZ, in her individual capacity, JASMINE PETERS, in her individual capacity, SHELIA WALDERAMA, in her individual capacity, CHINUSO AKUNNE, in his individual capacity, BRIAN EIG, in his individual capacity, STEPHANIE LANASE, in her individual capacity, MELISSA MCCAUSLAND, in her individual capacity, DR. LEE AND ASSOCIATES, and LAURALIE INGRAM,

        Defendants.

No. 1:21-cv-01671-NLH-AMD

**OPINION**

---

**APPEARANCES**:

OLUGBENGA O. ABIONA, ESQ.
1025 RYMILL RUN1
CHERRY HILL, NJ 08003

   *On behalf of Plaintiff Kevin Lewis.*

RICHARD M. FLYNN, ESQ.
ALEX FLYNN, ESQ.
FLYNN & ASSOICATES LLC
439 MONMOUTH STREET
GLOUCESTER CITY, NJ 08030

   *On behalf of Defendant Lauralie Ingram.*

**HILLMAN, District Judge**

Before the Court by way of Defendant Lauralie Ingram's ("Defendant" or "Ingram") Motion to Dismiss Kevin Lewis' ("Plaintiff") state law tort claim for malicious abuse of process. (ECF No. 84 at 6). Ingram is the last remaining defendant in this matter. For the reasons that follow, Defendant's Motion will be granted.

## BACKGROUND

The Court assumes knowledge of the facts from the previous Opinions in this case and will only review the facts necessary to render a decision on the pending motion. On February 1, 2021, Plaintiff filed the Complaint with six counts asserting various claims of violation of his constitutional rights under 42 U.S.C. § 1983 against caseworkers involved in Plaintiff's custody matter. (ECF No. 1). Plaintiff also sought relief for alleged violations by the Department of Children and Families ("DCF") and the Department of Child Protective and Permanency ("DCPP") through their Commissioner Christine Norbut Beyer, the caseworkers, and the doctors involved in the custody matter.

2

(Id.) The Complaint further alleged that the caseworkers and doctors violated the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, et seq. (Id.) The aforementioned claims have all been dismissed. See (ECF No. 80).

The last allegation in the Complaint is against the sole remaining Defendant for malicious abuse of process, to which Defendant has filed an answer (ECF No. 22) and the instant Motion to Dismiss for Lack of Jurisdiction (ECF No. 84).

## DISCUSSION

Defendant argues that this Court lacks subject matter jurisdiction now that she is the only remaining defendant. Prior to the instant motion, this Court had jurisdiction pursuant to 28 U.S.C. § 1331 stemming from claims made pursuant to 42 U.S.C. § 1983 and the Complaint's allegations of constitutional violations, as well as pursuant to 28 U.S.C. § 1367 providing supplemental jurisdiction over Plaintiff's state law claims. Now, only Plaintiff's state tort claim of malicious abuse of process remains against a non-diverse Defendant. See (ECF No. 84 at 10).

I. **Standard for a Rule 12(c) Judgment on the Pleadings**

While Defendant's motion is styled as a motion to dismiss, Plaintiffs correctly assert that such a motion under Federal Rule of Civil Procedure 12(b) is untimely because it comes after the filing of Defendant's answer. (ECF No. 87 at 3). However,

3

despite the motion being procedurally improper, Defendant could simply re-file the instant motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"). The Court will proceed to treat Defendant's submission as a motion for judgment on the pleadings pursuant to 12(c). See Rivera v. City of Camden Bd. of Educ., 634 F. Supp. 2d 486, 488 (D.N.J. Jul. 10, 2009) (citing Wyeth v. Ranbaxy Labs. Ltd., 488 F. Supp. 2d 607, 609 (D.N.J. 2006)). The Court utilizes the same standard applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") to analyze motions made under Rule 12(c).

Under the 12(b)(6) standard "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563

4

(3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8. Further, a motion to dismiss "should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

5

Moreover, a district court should "consider and weigh in each case, and at every stage of the litigation," whether exercising supplemental jurisdiction over state-law claims is appropriate. Levine v. Voorhees Bd. of Educ., No. 07-1614, 2009 WL 2424687, at *2 (D.N.J. Aug. 6, 2009) (citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988)).  This Court now undertakes that responsibility.

II.  **Standard for Federal Court Jurisdiction**

Jurisdiction in this matter was initially premised upon 28 U.S.C. § 1331, which provides federal courts with original jurisdiction for all civil actions arising under the Constitution, laws, or treaties of the United States.  Where a federal court has original jurisdiction over certain claims, it also has supplemental jurisdiction over all other claims that are related to the action in that the other claims form part of the "same case or controversy" under Article III of the United States Constitution.  28 U.S.C. § 1367(a); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

Title 28 U.S.C. § 1367 additionally provides under subsection (c)(3) that district courts "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." See also Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). However, in this Circuit, "where the claim over which the

6

district court has original jurisdiction is dismissed before trial, the district court <u>must</u> decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original). "Additionally, the federal court should be guided by the goal of avoiding needless decisions of state law . . . both as a matter of comity and to promote justice between the parties." <u>Orange v. Camden Cty. Dep't of HHS</u>, No. 18-16384, 2021 WL 3561216, at *4 (D.N.J. Aug. 12, 2021) (citing <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) (internal quotations omitted).

### III. **Analysis**

Defendant argues that because the claims pursuant to 28 U.S.C. § 1331 have been dismissed and because the parties remaining in this action are not diverse pursuant to 28 U.S.C. § 1332, the Court no longer retains jurisdiction over the state-law claim that remains in this action. (ECF No. 84 at 9-11) ("the remaining Count VI of the Complaint against Defendant Lauralie Ingram must also be dismissed because this Court lacks original jurisdiction over this state law tort claim, the Court likewise lacks supplemental jurisdiction over this claim now that no basis for original jurisdiction as a Federal Question exists and because the remaining parties are not diverse in

7

their domicile.").

Plaintiff argues that this Court should retain jurisdiction in this matter in the "interest of fairness and convenience," and because of the "substantial" judicial resources expended to date in this matter. (ECF No. 87 at 4-5). Plaintiff further asserts that the purpose underlying supplemental jurisdiction is judicial efficiency and for this reason, district courts may maintain jurisdiction over a state claim if "extraordinary circumstances" warrant continued jurisdiction. See Levine v. Voorhees Bd. of Educ., 2009 WL 2424687, at *1-3 (citing New Rock Asset Partners, L.P., v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1508 (3d Cir.1996)); (ECF No. 87 at 4).

As outlined above, whether this Court chooses to retain the state-law claims in this action under supplemental jurisdiction is entirely discretionary. 28 U.S.C. § 1367(c)(3). Although Defendant is incorrect in styling its motion as one for lack of subject matter jurisdiction because the Court retains the power to continue its supplemental jurisdiction, the Court will decline to exercise this power over the remaining state law claim in this matter. Plaintiff has not shown any "extraordinary circumstances" to justify continued jurisdiction of the remaining state-law claim at the Federal level.

The Court must find an affirmative justification to continue to exercise supplementary jurisdiction over a state-law

8

claim once it has dismissed the claims that provided original jurisdiction prior to trial. Hedges, 204 F.3d at 123. Defendant points to several cases in this jurisdiction to justify this Court retaining the last remaining claim in this action but does not affirmatively explain how these cases relate to why Plaintiff's claim should remain in this Court.

For example, Plaintiff cites to Levine for the premise that district courts may maintain jurisdiction over a state claim if extraordinary circumstances warrant continued jurisdiction. That statement of the law is true. But Plaintiff does not explain what facts support the inference that his matter presents extraordinary circumstances to this Court. In Levine, the court stated:

> The Court concludes that the interest of judicial efficiency requires its continued exercise of supplemental jurisdiction in this case. To be clear, the extensive discovery in this case does not motivate the Court's decision to maintain supplemental jurisdiction. Extensive discovery is present in virtually every federal case and the volume of discovery required for this case has been comparably unremarkable. Rather, the Court maintains jurisdiction in this case because it has already invested abnormally substantial resources into this proceeding. A review of the docket alone tells the story of a two and one-half year old case involving numerous motions, countless letters and affidavits, numerous in-person conferences (both formal and informal), over fifty Court Orders and/or Opinions, and three appeals of the decisions of the Magistrate Judge. A bare review of the docket, however, does not begin to convey the

> tremendously hard work already performed in this case by Magistrate Judge Schneider and this Court. Almost every motion and/or application has been uncommonly acrimonious. The amount of judicial resources and energy that has gone into each one of these motions cannot be overstated.

Levine, 2009 WL 2424687, at *3.

Levine stands in sharp contrast to the instant case. Here, nearly all claims were disposed of within a year. See (ECF No. 1), Complaint filed February 1, 2021; (ECF No. 80), Opinion rendered January 26, 2022. It is clear from the record that the amount of judicial resources expended does not meet the same level of investment as Levine.

Moreover, this Court has not resolved the case on its merits as it had in New Rock Asset Partners: the majority of this matter's claims were dismissed pursuant to statutes of limitations expiring and insufficient pleading. See (ECF No. 80); 101 F.3d 1492, 1509-10 (3d Cir. 1996). This fact further encourages judicial restraint to avoid needless decisions of state law. In terms of convenience, Plaintiff and Defendant are citizens of New Jersey, in Marlton and Clementon respectively, and would have access to the courts of this state for their remaining claim. Finally, in terms of fairness, Plaintiff implies that remaining in this Court would allow for a prompter resolution. (ECF No. 87 at 4-5). Given the balance of factors discussed above and this Circuit's requirement of affirmative

10

justification to extend supplementary jurisdiction over state-law claims, this argument alone does not justify this Court's retention of jurisdiction.  This Court will exercise its discretion to dismiss the remaining state law claim without prejudice.

## **CONCLUSION**

For the reasons expressed above, Defendant's Motion to Dismiss due to Lack of Jurisdiction (ECF No. 84) will be granted on the alternative basis that the Court will decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 to resolve the remaining state court claim.

An appropriate Order will be entered.

Date: August 23, 2022                s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.